NO. 07-02-0305-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 9, 2002



______________________________




IN RE HIGHLAND HEALTH SYSTEMS, INC. 



D/B/A HIGHLAND MEDICAL CENTER, RELATOR



_________________________________




ORDER ON RELATOR'S MOTION FOR TEMPORARY RELIEF



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


 Pending before this Court is a petition for writ of mandamus filed on July 8, 2002,
by relator Highland Health Systems, Inc. d/b/a Highland Medical Center, defendant in
cause number 2001-513,515 in the 99th Judicial District Court of Lubbock County, Texas,
wherein real party in interest Dawn Carmichael is the plaintiff. By its motion for temporary 
relief, relator alleges and represents that on or about June 28, 2002, upon hearing of real
party's Motion to Show Cause and for Contempt, and in the Alternative for Sanctions,
bearing a certificate of service date of May 13, 2002, in the underlying proceeding, the trial
court dictated its rulings favorable to the real party into the record; however, although
relator promptly requested that the reporter prepare a reporter's record, it has not been
completed at this time, but will be promptly filed with this Court upon its preparation. 

 The motion further alleges that because the rulings announced into the record by
the trial court requires that relator comply with the rulings by Friday, July 12, 2002, relator 
will be unduly prejudiced and irreparably harmed if relator is required to comply with the
trial court's rulings before this Court's determination of the petition for writ of mandamus. 
This Court having concluded that temporary relief should be granted pending this Court's
action on the petition for writ of mandamus, it is hereby ordered that:

 1. The rulings of the trial court dictated into the reporter's record upon the
conclusion of the hearing of real party's Motion to Show Cause and for Contempt, and in
the Alternative for Sanctions, held on June 28, 2002, and any order signed incorporating
such rulings, are stayed subject to further orders of this Court; provided however, that
nothing herein shall prohibit the signing of a written order expressly setting out the rulings
which the trial court dictated into the record.

 2. Counsel for relator shall promptly file with the Clerk of this Court the reporter's
record as soon as it is completed and a certified copy of any order signed by the trial court
containing its rulings upon real party's Motion to Show Cause and for Contempt, and in the
Alternative, for Sanctions. 

 3. Counsel for real party is requested to file a response to the petition for writ of
mandamus on or before July 29, 2002.

 4. Except as expressly provided above, nothing herein shall operate to stay any 
other pretrial orders or discovery matters, or such action as the parties may agree pending
hearing on the petition for writ of mandamus.

 IT IS SO ORDERED. 

 Per Curiam

Do not publish.